## B N Restoration Inc. v T.A. Ahern Contrs. Corp.

2026 NY Slip Op 30743(U)

February 26, 2026

Supreme Court, Kings County

Docket Number: Index No. 537167/2025

Judge: Reginald A. Boddie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Commercial Part 12 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York on the 26th day of February 2026.

P R E S E N T:
Honorable Reginald A. Boddie
Justice, Supreme Court

-----------------------------------------------------------------------x

B N RESTORATION INC.,

                    Plaintiff,

               -against-

T.A. AHERN CONTRACTORS CORP., and LIBERTY MUTUAL INSURANCE COMPANY,

                   Defendant.

-----------------------------------------------------------------------x

Index No. 537167/2025

Cal. No. 4-5     MS 1-2

**Decision and Order**

The following e-filed papers read herein:        NYSCEF Doc Nos.

MS 1                                     11-19, 24-25, 27

MS 2                                     21-23, 26, 28

Defendants' motion to dismiss and plaintiff's cross-motion to consolidate are decided as follows:

### Background

This action arises out of the alleged failure of T.A. Ahern Contractors Corp. ("TACC"), the general contractor, and Liberty Mutual Insurance Company ("Liberty"), its surety, to pay plaintiff, a subcontractor, approximately $1.28 million for construction work performed on a public school project, resulting in claims to foreclose a public improvement lien bond and recover under a payment bond.

1

[* 1]

Defendants move for summary judgment pursuant to CPLR 3212 for dismissal of the complaint based on defenses preserved under CPLR 3211(a)(4) and RPAPL § 1301(3), arguing that this action should not proceed because plaintiff already has a 2024 action pending before this Court, titled *B N Restoration Inc. v. T.A.Ahern Contractors Corp.*, Index No. 515741/2024 (the "2024 Action"), arising from the same project and subcontracts seeking the same $1,282,283.62. Defendants contend that maintaining both actions creates duplicative litigation and a risk of inconsistent rulings. Additionally, defendants argue that because plaintiff is already pursuing a contract action for the same debt, plaintiff was required to obtain leave of court before commencing this lien and bond action pursuant to RPAPL § 1301(3), and that plaintiff's failure to do so requires dismissal as a matter of law.

Plaintiff cross-moves under CPLR 602(a) to consolidate this action with the 2024 Action for joint trial, which is scheduled to commence on February 22, 2027. Plaintiff argues that the two actions seek different relief and involve an additional defendant, the surety, against whom bond claims cannot be asserted in the prior action. Plaintiff contends that the statute relied upon by defendants does not apply to payment bond claims or public improvement liens, which attach to funds rather than real property, and that consolidation rather than dismissal is the proper remedy because the actions involve common facts and witnesses and consolidation will promote judicial economy without prejudice to defendants.

In reply, defendants reassert that the instant action is an improper parallel lawsuit seeking recovery of the same amount arising from the same project and therefore must be dismissed. Defendants argue that consolidation should be denied because the 2024 action is already on a trial track and consolidation would effectively permit plaintiff to add new claims and reopen discovery. Defendants further maintain that plaintiff's failure to obtain leave of court before commencing this action mandates dismissal and that this bar extends to the payment bond claim as well.

[* 2]

## Discussion

CPLR 3211(a)(4) provides that a party may move for judgment dismissing one or more causes of action where "there is another action pending between the same parties for the same cause of action in a court of any state or the United States," and further directs that "the court need not dismiss upon this ground but may make such order as justice requires."

As against TACC, the present action is duplicative of the 2024 Action. Both actions arise from the same public improvement project, the same subcontracts, and the same alleged failure to pay plaintiff the sum of $1,282,283.62. Plaintiff seeks identical damages from TACC in each action, and resolution of both matters would depend upon substantially the same factual proof. Moreover, plaintiff itself acknowledged that TACC "is not a necessary party in the [instant] Action" and that it "could have proceeded against Liberty alone" (NYSCEF Doc No. 23). Accordingly, the branch of defendants' motion seeking dismissal of all claims as against TACC in the instant action is granted.

As to the claims against Liberty, although consolidation for purposes of a joint trial would have been prudent, RPAPL § 1301 provides that, "[w]hile the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, including an action to foreclose the mortgage, without leave of the court in which the former action was brought." Lien Law § 42 further provides that, "[a] lien for labor done or materials furnished for a public improvement" is enforced "in the same manner as a mechanic's lien on real property." Additionally, Lien Law § 43 provides that, "[t]he provisions of the real property actions and proceedings law relating to actions for the foreclosure of a mortgage upon real property … apply to actions in a court of record, to enforce mechanics' liens on real property."

3

[* 3]

Here, it is undisputed that plaintiff did not seek or obtain leave of this Court in the 2024 Action prior to commencing the instant action. Plaintiff fails to cite any authority supporting its contention that RPAPL § 1301 is inapplicable here merely because the lien arises from a public improvement project and attaches to contract funds rather than real property. In light of the foregoing, plaintiff's commencement of the instant action without leave violated RPAPL § 1301(3). Accordingly, dismissal of the remaining claims is required.

### Conclusion

Based on the foregoing, defendants' motion is granted to the extent that the instant action is hereby dismissed, without prejudice. Plaintiff's cross-motion is denied in its entirety.

Any arguments not expressly addressed herein were considered and deemed to be without merit or unnecessary to address given the court's determination.

E N T E R:

_____
Honorable Reginald A. Boddie
Justice, Supreme Court
HON. REGINALD A. BODDIE
J.S.C.